**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| *In re*<br>**AMERICAN EFFICIENT LLC** *et al.*,[1]<br>Debtors. | Case No. 26-30968<br>Chapter 11<br>(Jointly Administered) |

# STATEMENT OF EIG MANAGEMENT COMPANY, LLC, AND JOINDER TO DEBTORS' RESPONSE TO MOTION OF BANKRUPTCY ADMINISTRATOR TO TRANSFER VENUE OF BANKRUPTCY CASES

1. EIG Management Company, LLC ("**EIG Management**"), in its capacity as "Monitoring Advisor" under a note purchase agreement, is the representative of the holders (collectively with EIG Management, "**EIG**") of over $106,000,000 in principal amount of notes issued by MIH LLC ("**MIH**"), the Debtors' immediate parent, under a note purchase agreement dated June 30, 2020. EIG benefits from a senior lien on most of MIH's assets, including all of MIH's cash and its equity interests in a Brazilian clean energy developer commonly known as "Faro."

## BACKGROUND

2. As the Court is aware, EIG is party to a Transaction Support Agreement with the Debtors and certain of their affiliates, under which EIG has consented to MIH's use of a limited amount of EIG's cash collateral to extend post-petition loans to the Debtors in these cases. *See* Dkt. Nos. 35, 73 (versions of Transaction Support Agreement). The Transaction Support Agreement further contemplates that MIH will restructure MIH's obligations through its own chapter 11 case, pursuant to which MIH will transfer the Faro equity interests to EIG in exchange for a dramatic reduction of EIG's secured claims. Accordingly, as the MIH enterprise's largest undis-

[1] The Debtors in these cases, along with each Debtor's case number, are: (i) American Efficient LLC, Case No. 26-30968; (ii) Affirmed Energy LLC, Case No. 26-30969; (iii) American Efficient Origination LLC, Case No. 26-30970; and (iv) Midcontinent Energy LLC, Case No. 26-30971.

puted creditor and the party whose cash collateral has been used to fund these Debtors' restructuring efforts, EIG has a significant interest in the conduct and outcome of these cases.

**JOINDER**

3. As the Court is further aware, last month the Bankruptcy Administrator objected to the Debtors' choice of venue and moved to transfer these chapter 11 cases to the Middle District of North Carolina or, in the alternative, to the District of Delaware. *See* Mot. of Bankr. Admin. to Transfer Venue of Bankr. Cases ("**Motion**"), Dkt. No. 128. The Debtors' two major adversaries, PJM and the Federal Energy Regulatory Commission, then filed divergent responses that advocated, respectively, for dismissal of the cases and for transfer to the Middle District. *See* Resp. of PJM Interconnection, L.L.C. and PJM Settlement, Inc. to Mot. ("**PJM Response**") ¶ 2, Dkt. No. 139; Stmt. by United States in Supp. of Mot. ("**FERC Statement**") ¶ 10, Dkt. No. 151.

4. EIG joins the Debtors' response, filed at Docket No. 152. As the Debtors have explained, the Motion should be denied in full. If, however, the Court determines to transfer these cases, then the Court should transfer the cases to the District of Delaware, in accordance with the "substantial weight and deference" that courts grant a voluntary debtor's valid choice of venue. *In re Bestwall LLC*, 605 B.R. 43, 51 (Bankr. W.D.N.C. 2019) (quoting multiple other cases).

5. Each of the objectors acknowledges that Delaware is a proper forum. *See* Mot. ¶ 17; FERC Stmt. ¶ 1 n.2; *cf.* PJM Resp. ¶ 1 ("[The Debtors] are all Delaware limited liability companies."). Moreover, the Debtors have explained that Wilmington, Delaware, is a convenient forum for counsel to the key parties in these cases, by virtue of its proximity to a major airline hub and a major local Amtrak station. EIG concurs in this assessment. Accordingly, if the Court decides to transfer these cases, the Court should follow the joint recommendation of the Debtors and EIG (the party whose consent has enabled MIH to provide funding for these cases), rather than the divided preferences of the Debtors' litigation opponents, and should transfer these cases to the District of Delaware.

*[Remainder of page intentionally blank]*

Dated: November 18, 2026
Charlotte, N.C.

Respectfully submitted,

/s/ *Margaret R. Westbrook*

**K&L GATES LLP**
Margaret R. Westbrook (N.C. Bar No. 23327)
Jonathan N. Edel (N.C. Bar No. 57613)
300 South Tryon Street, Ste. 1000
Charlotte, NC 28202
Telephone: 1 (704) 331-7400
Margaret.Westbrook@KLGates.com

**MILBANK LLP**
Tyson M. Lomazow (*pro hac vice* pending)
Benjamin M. Schak (*pro hac vice* pending)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
TLomazow@Milbank.com
BSchak@Milbank.com

Erin Dexter (*pro hac vice* pending)
1101 New York Avenue N.W.
Washington, DC 20005
Telephone: 1 (202) 835-7500
EDexter@Milbank.com

*Counsel to EIG Management Co., LLC*